**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-22-0000631**
**26-SEP-2025**
**08:03 AM**
**Dkt. 64 SO**

NO. CAAP-22-0000631

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

KAREN CANADA, Plaintiff-Appellant,
v.
THE QUEEN'S MEDICAL CENTER; CLAYTON D.K. CHONG, M.D.,
Defendants-Appellees; and DOES 1-50, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC181001735)

## SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Plaintiff-Appellant Karen Canada (**Canada**) appeals from the Circuit Court of the First Circuit's (**circuit court**) "Findings of Fact [(**FOFs**)], Conclusions of Law [(**COLs**)], and Order Granting Defendant[-Appellee] The Queen's Medical Center's [(**QMC**)] Second Motion for Summary Judgment, Filed March 17, 2022" (**Summary Judgment Order**), filed on October 10, 2022, and "Judgment," filed August 29, 2023.[1]

---

[1]     The Honorable Dean E. Ochiai presided.

This appeal arises out of a Complaint filed against QMC and Defendant-Appellee Clayton D.K. Chong, M.D. (**Chong**), alleging claims related to medical treatment provided to Canada. In March 2021, the circuit court granted QMC's first motion for summary judgment, dismissing all claims against QMC except "[Canada's] claim for apparent authority, arising from [Chong's] conduct."[2]

Canada entered into a settlement agreement with Chong, and the circuit court entered an order granting Chong's Petition for Finding of Good Faith Settlement (**Good Faith Order**).[3] Following the entry of the Good Faith Order, QMC filed its second motion for summary judgment, seeking dismissal of the sole remaining claim premised on QMC's alleged apparent authority. The circuit court heard the matter and entered the Summary Judgment Order in favor of QMC. The circuit court made,

---

[2]    Canada asserts a claim premised on an agency relationship between QMC and Chong created through apparent authority. The Hawaiʻi Supreme Court has held that apparent authority,

> arises when the principal does something or permits the agent to do something which reasonably leads another to believe that the agent had the authority he was purported to have. The critical focus is not on the principal and agent's intention to enter into an agency relationship, but on whether a third party relies on the principal's conduct based on a reasonable belief in the existence of such a relationship.

State Farm Fire & Cas. Co. v. Pac. Rent-All, Inc., 90 Hawaiʻi 315, 326-27, 978 P.2d 753, 764-65 (1999) (cleaned up).

[3]    Chong was dismissed pursuant to a stipulation entered on October 13, 2021, and is a nominal appellee.

inter alia, the following FOFs[4] and COLs that are challenged by Canada:

> [FOF] 11.   The settlement agreement between [Canada] and [Chong], accounted for a full resolution of all damages allegedly caused by [Chong].
>
> [FOF] 12.   [Canada], as part of the settlement, agreed that there would be no finding of liability against [Chong].
>
> . . . .
>
> [COL] 10.   Given that [Canada's] remaining claim against [QMC] is a claim for apparent authority arising from the conduct of [Chong], and **given that [Canada], as part of her settlement agreement with [Chong], has been fully compensated for her injuries allegedly caused by [Chong], the element of damages against [QMC] has been extinguished,** as there are no independent claims remaining against [QMC].
>
> [COL] 11.   **Given that the element of damages has been extinguished, there is no genuine issue of material fact on the issue of damages** and summary judgment is warranted.
>
> . . . .
>
> [COL] 13.   Without the ability to obtain an adverse finding of liability as to [Chong's] conduct, there is no genuine issue of material fact, as [Canada] is unable to meet her burden of proof with respect to her claim for apparent authority against [QMC].

(Emphasis added.)

On appeal, Canada contends that the circuit court erred in entering the Summary Judgment Order and, specifically, in: (1) "finding that the settlement agreement entered into between [Canada] and [Chong] fully compensated [Canada] and extinguished any claim for damages against QMC"; (2) "finding

---

4       We note that a circuit court deciding a motion for summary judgment does not make FOFs.  To the extent the circuit court was construing the terms of the settlement agreement in FOFs 11 and 12, FOFs 11 and 12 appear to be COLs.

3

that [Canada's] release of [Chong's] liability in the settlement agreement precluded [Canada] from further litigating [Chong's] conduct in her claim against QMC for vicarious liability"; and (3) "equat[ing] a factual finding of fault with a legal finding of liability."  (Formatting altered.)

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Canada's points of error, collectively, as follows.

We review the circuit court's grant of summary judgment de novo, applying the following standard,

> [S]ummary judgment is appropriate if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties.  The evidence must be viewed in the light most favorable to the non-moving party.  In other words, we must view all of the evidence and inferences drawn therefrom in the light most favorable to the party opposing the motion.

Ralston v. Yim, 129 Hawai'i 46, 55-56, 292 P.3d 1276, 1285-86 (2013) (citation omitted).

Canada contends the circuit court erred in finding that the settlement agreement between Canada and Chong "extinguished" Canada's apparent authority claim against QMC, and that genuine questions of material fact remain.

The summary judgment record reflects that Chong agreed to a monetary settlement with Canada in exchange for the release of Canada's legal claims against him.  The settlement agreement, by its express terms, released Chong; it did not release Canada's apparent authority claim against QMC.[5]  Canada is therefore not barred from pursuing her remaining apparent authority claim against joint tortfeasor QMC for damages in excess of what she received from the settlement with Chong.[6]  <u>Cf.</u> <u>Saranillio v. Silva</u>, 78 Hawaiʻi 1, 4, 889 P.2d 685, 688 (1995) (holding that "the common law rule that the release of an employee automatically releases the employer from vicarious liability has been abrogated in Hawaiʻi by the adoption of our version of the Uniform Contribution Among Tortfeasors Act") (citation omitted).

---

[5]     Settlement agreements are contracts, <u>Exotics Haw.-Kona, Inc. v. E.I. du Pont de Nemours & Co.</u>, 116 Hawaiʻi 277, 288, 172 P.3d 1021, 1032 (2007), and the "[i]nterpretation and construction of a contract is reviewed de novo," <u>Pub. Access Trails Haw. v. Haleakala Ranch Co.</u>, 153 Hawaiʻi 1, 21, 526 P.3d 526, 546 (2023) (citation omitted).
     In interpreting a contract, the court "will look no further than the four corners of the contract to determine whether an ambiguity exists." <u>Hawaiian Ass'n of Seventh-Day Adventists v. Wong</u>, 130 Hawaiʻi 36, 45, 305 P.3d 452, 461 (2013) (citation omitted).  If no ambiguity exists, "[t]he parol evidence rule precludes the use of extrinsic evidence to vary or contradict the terms" of the contract.  <u>Id.</u> (cleaned up).

[6]     The Good Faith Order states that "[t]he settlement [between Canada and Chong] shall reduce the claims against any other joint tortfeasor or co-obligor not released in the amount stipulated by the release, dismissal, or covenant, or in the amount of the consideration paid for it, whichever is greater."

Whether Canada has been fully compensated for her alleged injuries, such that "the element of damages has been extinguished," is a disputed question of fact. We conclude that the circuit court was wrong in finding that Canada's settlement agreement with Chong, which does not release QMC from liability, necessarily "extinguished" Canada's claim against QMC for general, special, and punitive damages.

We further conclude that the settlement agreement does not bar Canada from pursuing a claim against QMC that requires proof of Chong's negligence. Rather, the settlement agreement bars Canada from pursuing such a claim against Chong. The settlement agreement releases Chong from legal liability to Canada; it does not release joint tortfeasor QMC.

We therefore conclude that the circuit court erred in entering summary judgment in favor of QMC, and we vacate the circuit court's Summary Judgment Order and Judgment. We remand for further proceedings consistent with this summary disposition order.

DATED: Honolulu, Hawai'i, September 26, 2025.

| | |
|---|---|
| On the briefs: | /s/ Clyde J. Wadsworth<br>Presiding Judge |
| Denise M. Hevicon,<br>for Plaintiff-Appellant. | /s/ Sonja M.P. McCullen<br>Associate Judge |
| Saori Takahashi,<br>for Defendant-Appellee. | /s/ Kimberly T. Guidry<br>Associate Judge |